```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
                Civil No. 08-123(DSD/SRN)
```

Marolyn Gabrielson,

       Plaintiff,

v.                                                **ORDER**

The Hartford Company, doing
business as Hartford Fire
Insurance Company,

       Defendant.

    Stephen M. Thompson, Esq., Tammy P. Friederichs, Esq. and
    Friederichs & Thompson, 1120 East 80th Street, Suite 106,
    Bloomington, MN 55420, counsel for plaintiff.

    Jodie F. Friedman, Esq., Marko Mrkonich, Esq. and Litter
    Mendelson, PC, 80 South Eighth Street, Suite 1300,
    Minneapolis, MN 55402, counsel for defendant.


This matter is before the court on plaintiff's motion to remand. A claim may be removed to federal court "only if it could have been brought in federal court originally." Peters v. Union Pac. R.R. Co., 80 F.3d 257, 260 (8th Cir. 1996). Jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship and a minimum amount in controversy in excess of $75,000. The removing party, as the party invoking jurisdiction, must prove by a preponderance of the evidence the existence of the requisite amount in controversy at the time of removal. See Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939); Missouri ex rel. Pemiscot County v. W. Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995); Crosby v. Paul Hardeman, Inc., 414 F.2d 1,3 (8th Cir. 1969). To determine

whether a fact finder might legally conclude that the amount in controversy is greater than $75,000, a court may consider total compensatory damages, treble damages, punitive damages and attorney's fees.  Allison v. Sec. Ben. Life Ins. Co., 980 F.2d 1213, 1215 (8th Cir. 1992) (citation omitted) (punitive damages); Zunamon v. Brown, 418 F.2d 883, 887 n.5 (8th Cir. 1969) (treble damages); Crawford v. F. Hoffman La Roche, 267 F.3d 760, 766 (8th Cir. 2001) (citing Mo. State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933)) (attorney's fees).

Here, neither party disputes the existence of diversity of citizenship.  Plaintiff, however, argues that defendant cannot satisfy the amount in controversy requirement.  In her state court complaint, plaintiff asserts two counts for violation of the Minnesota Human Rights Act and one count for violation of the Minnesota Fair Labor Standards Act.  Plaintiff also alleges damages in "an amount undetermined, but believed to be in excess of $50,000," and claims "treble compensatory damages" and "costs and disbursements and attorney's fees," pursuant to Minnesota statutory law.  In support of her motion to remand, plaintiff submitted an affidavit indicating that she does "not seek more than $75,000 in total compensatory damages for lost wages, lost job benefits, unpaid overtime wages, and emotional distress."  (Gabrielson Aff. ¶ 2.)  It is unclear whether plaintiff meant to include treble damages as part of her "total compensatory damages."  However, even

2

assuming that plaintiff has limited damages for all of her claims to $75,000 or less, the court determines that the addition of attorney's fees to defendant's alleged compensatory damages satisfies the jurisdictional amount.

Plaintiff argues that a court may only consider the amount of attorney's fees incurred at the time the state court complaint was filed for purposes of the amount in controversy.  See GreatAmerica Leasing Corp. v. Rohr-Tippe Motors, Inc., 387 F. Supp. 2d 992, 995-96 (N.D. Iowa 2005).  Defendant contends that a court may consider a reasonable estimate of attorney's fees that might accrue over the course of the litigation.  See Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998) (including prospective attorney's fees for amount in controversy).  The court, however need not address this unresolved issue.  Rather, if the court accepts plaintiff's contention that her compensatory and treble damages may amount to $75,000, defendant need only show that plaintiff had incurred $1.00 in attorney's fees at the time the complaint was filed.  See 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000." (emphasis added)).  Defendant easily satisfies this burden.

Therefore, **IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. No. 2] is denied.

Dated:   April 11, 2008

<u>s/David S. Doty</u>
David S. Doty, Judge
United States District Court